

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-23-00270-CV

---

JASON BARGER, APPELLANT

V.

DGL GROUP, LTD. D/B/A HOVER-1, AND JOHN DOES 1-100, APPELLEES

---

On Appeal from the 99th District Court
Lubbock County, Texas
Trial Court No. DC-2022-CV-1220, Honorable J. Phillip Hays, Presiding

---

January 24, 2024

## ORDER OF ABATEMENT AND REMAND

Before PARKER and DOSS and YARBROUGH, JJ.

Appellant, Jason Barger, appeals from the trial court's *Order on Defendant's Motion for Summary Judgment.* We remand the cause to the trial court for further proceedings.

In 2022, Barger sued Appellees, DGL Group, LTD and "John Does 1-100," for products liability and negligence. Barger sought to recover damages allegedly suffered after the "Hover 1- Rocket hoverboard" he was riding caught fire. According to Barger's

petition, "[t]he true names and capacities, whether individual, corporate, associate or otherwise, of Defendants Does 1-100 . . . are unknown to Plaintiff" but "Plaintiff is informed and believes . . . that each [Doe] Defendant . . . is responsible in some manner for the events and happenings . . . which proximately caused injury to Plaintiff . . . ."  It does not appear from the record, however, that Does 1-100 were ever identified by Barger or served with process.  DGL Group subsequently answered the suit and filed a motion for summary judgment asserting that Barger's claims were barred by the statute of limitations.  By order of June 6, 2023, the trial court granted DGL Group's summary judgment motion and dismissed Barger's claims against DGL Group.  The order did not address Barger's claims against Does 1-100, and no subsequent order has been issued disposing of those claims.

Generally, with statutory exceptions, an appeal may be taken only from a final judgment.  *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001).  When there has been no conventional trial on the merits, an order or judgment is not final for purposes of appeal unless it actually disposes of every pending claim and party or it clearly and unequivocally states that it finally disposes of all claims and all parties.  *Id.* at 205.  If an appellate court is uncertain about the intent of an order to finally dispose of all claims and parties, it can abate the appeal to permit clarification by the trial court.  *Id.* at 206.

Whether the trial court's *Order on Defendant's Motion for Summary Judgment* is a final, appealable order remains unclear.  The order bears no language indicative of finality.  And, the record does not reflect whether Barger's claims against Does 1-100

2

have been pursued, dismissed, or resolved.[1]  Thus, by letter, we directed the parties to demonstrate how this Court has jurisdiction over the appeal.  Barger responded that the "the trial court's intent was to dispose of all the parties and issues."  DGL Group asserted that it does not challenge the finality of the order but also that "the record does not reflect that the trial court ever disposed of 'John Does 1-100.'"

Consequently, we abate this appeal and remand the cause to the trial court to clarify whether the *Order on Defendant's Motion for Summary Judgment* is a final judgment and, if necessary, to permit the parties to obtain an order disposing of the claims against Does 1-100.  *See* TEX. R. APP. P. 27.2 ("The appellate court may allow an appealed order that is not final to be modified so as to be made final and may allow the modified order and all proceedings relating to it to be included in a supplemental record.").  A supplemental clerk's record containing the trial court's clarifying order, and any other necessary orders, shall be filed with the Clerk of this Court by February 23, 2023.

It is so ordered.

Per Curiam

---

[1] In Texas courts, unidentified defendants may be sued as a "John Doe."  *Phila. Indem. Ins. Corp. v. Box*, No. 05-02-01555-CV, 2003 Tex. App. LEXIS 2714, at *5 (Tex. App.—Dallas Mar. 28, 2003, no pet.) (mem. op.).  For purposes of determining whether a judgment is final, claims against a John Doe defendant must be treated no differently than claims against a named defendant.  *Id*.